**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DON HAMILTON; et al.,

             Plaintiffs - Appellants,

v.

U.S. DEPARTMENT OF
TRANSPORTATION; et al.,

             Defendants - Appellees.

No. 10-35406

D.C. No. 2:08-cv-00328-RHW

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted April 8, 2016
Seattle, Washington

Before: HAWKINS, RAWLINSON, and CALLAHAN, Circuit Judges.

Plaintiffs are residents of Spokane County, Washington, who challenge the

Federal Highway Administration's ("FHWA's") Environmental Assessment ("EA")

and Finding of No Significant Impact ("FONSI") regarding the Bigelow Gulch Urban

Connector Project ("Project"). They appeal the district court's grant of summary

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

judgment in favor of the FHWA and other federal government defendants on their claims that the FHWA violated the National Environmental Policy Act, 42 U.S.C. § 4321, *et seq.*, and implementing regulations by failing to prepare a full-blown Environmental Impact Statement ("EIS") instead of an EA and FONSI and by not considering a sufficient range of alternatives in the EA. We affirm.

We review de novo a district court's grant of summary judgment upholding an agency decision. *N. Alaska Envtl. Ctr. v. Kempthorne*, 457 F.3d 969, 975 (9th Cir. 2006). "The appropriate inquiry under the Administrative Procedure Act ('APA') is whether the agency's decision was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Id.* (quoting 5 U.S.C. § 706(2)(A)).

It was not arbitrary or capricious for Plaintiffs to prepare an EA and FONSI instead of an EIS. As Plaintiffs themselves seem to recognize, the FHWA regulation that "normally" requires an EIS for four-lane highway projects in a new location, 23 C.F.R. § 771.115(a)(2), does not mandate the preparation of an EIS in every such project. Nor was it arbitrary or capricious for the FHWA to treat the Project as not "in a new location," given that 71% of the construction would follow an existing road. Also, the record shows that the FHWA's conclusion that, based on the EA, the Project would have no significant adverse impact on the human environment, was reasonable.

Thus, it was not arbitrary or capricious for the FHWA not to prepare an EIS.[1]  42

U.S.C. § 4332(C) (requiring an EIS only for federal projects "significantly" affecting

the human environment).

The record also shows that the FHWA gave cogent reasons, based on their

expertise in road safety and traffic issues, for why the various two-lane alternatives

and the 35-mph alternative proposed in public comments did not serve the safety and

traffic decongestion purposes of the Project.  Plaintiffs have not pointed to evidence

in the record which would compel the opposite conclusion and, in any event, we

normally defer to the agency when resolution of a dispute comes down to factual

disputes over technical issues within the agency's expertise.  *See Marsh v. Or. Nat.*

*Res. Council*, 490 U.S. 360, 376-77 (1989).  Since the FHWA's determination that

two-lane and 35-mph alternatives would not serve the Project's goals was not arbitrary

or capricious, it was not arbitrary or capricious for the FHWA to drop those

alternatives without evaluating their potential environmental impact in more detail.

*See Native Ecosystems Council v. U.S. Forest Serv.*, 428 F.3d 1233, 1247-48 (9th Cir.

2005).

**AFFIRMED.**

---

[1] Plaintiffs' argument that an EIS is required if a project has a significant *beneficial* impact, even if there are no significant *adverse* impacts, was not developed in the opening brief and is therefore waived.  *Image Tech. Serv., Inc. v. Eastman Kodak Co.*, 136 F.3d 1354, 1356 (9th Cir. 1998).